UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL PATRICK HARD,

      Plaintiff,

  v.

LAKE COUNTY DEPARTMENT OF
SOCIAL SERVICES, et al.,

      Defendants.
                              /

No. C 14-4610 EDL (PR)

**ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE**

Plaintiff, a Mississippi prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Lake County officials have deprived him of due process regarding plaintiff's real property. Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 6.) Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, plaintiff's complaint is dismissed in part, and served on the remaining defendants.

**DISCUSSION**

**A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Although difficult to fully comprehend, plaintiff appears to allege that he entered into a contract with Cecil Dunn. The contract stated that plaintiff would pay $300.00 a month to inhabit and maintain two properties in Lake County belonging to Mr. Dunn, in consideration for some kind of propietary ownership. Apparently, Mr. Dunn has since been deemed incompetent. After a hearing declaring Mr. Dunn incompetent, defendant case workers Pat Cichowicz and James Grogg evicted plaintiff and seized all of plaintiff's property without due process. Liberally construed, plaintiff has stated a cognizable claim that defendants Pat Cichowicz and James Grogg deprived plaintiff of his right to due process.

Plaintiff has also named the Estate of Cecil Dunn as a defendant. However, there is no indication that the Estate of Cecil Dunn is a state actor, and thus, it is not acting under the color of state law, as required to state a civil rights claim against it. Nor is there any evidence that the Estate of Cecil Dunn acted or failed to act in a manner to deprive plaintiff of his due process. Accordingly, the Estate of Cecil Dunn is DISMISSED from this action. Because it is beyond doubt that plaintiff can provide a set of facts against the Estate of Cecil Dunn such that he states a cognizable claim, the dismissal is without leave to amend.

Plaintiff also names as a defendant Lake County Department of Social Services. However, to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not done so. Accordingly, Lake County Department of Social Services is DISMISSED from this action. If plaintiff believes that he can allege a constitutional claim against Lake County Department of Social

Services, he may amend his complaint within twenty-eight days to do so. Plaintiff is warned that an amended complaint supersedes the original complaint. Claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

### C. Preliminary Injunction/Temporary Restraining Order

Plaintiff moves for a preliminary injunction and temporary restraining order to prohibit defendants from selling the Lake County properties. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). However, prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

In addition, plaintiff has not satisfied the requirements necessary to grant a TRO. *See* Fed. R. Civ. P. 65(b) (stating that a TRO may be granted without notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required). Accordingly, plaintiff's request for a preliminary injunction and a TRO are DENIED without prejudice.

### CONCLUSION

1. Defendant Estate of Cecil Dunn is DISMISSED without leave to amend.

2. Defendant Lake County Department of Social Services is DISMISSED with leave to amend. Should plaintiff wish to amend his complaint, the amended complaint must be filed within **twenty-eight days** of the filing date of this order and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on

3

the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to file an amended complaint within the designated time will result in the court proceeding only with defendants Pat Cichowicz and James Grogg .

    3.    The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge jurisdiction consent form, and a copy of this order to case workers Pat Cichowicz and James Grogg at the Lake County Department of Social Services, 255 North Forbes Street, Lakeport, CA 95453..  The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the Lake County District Attorney's Office.  Additionally, the clerk shall mail a copy of this order to plaintiff.

    4.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, defendants will be required to serve and file an answer within sixty (60) days from the date on which the request for waiver was sent to them.  Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    5.    In order to expedite the resolution of this case, the court orders as follows:

4

      a. No later than sixty days from the date the waivers are sent from the court, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on plaintiff.

      b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012). At that time, defendants shall also submit the magistrate judge jurisdiction consent form.

      c. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than twenty-eight days from the date the motion was served upon him.

      d. Defendants shall file their reply brief no later than fourteen days after the opposition is served upon them.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

<u>8.</u>    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the

court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 13, 2015.



ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.14\Hard4610.serve.wpd